Richard N. Groves, Esq.
Law Office of Richard Groves
4045 E. Union Hills Drive, # 126
Phoenix, Arizona  85050

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| HOPE A. MARTIN | ) | |
| | ) | No: |
| Plaintiff | ) | |
| | ) | |
| | ) | CIVIL COMPLAINT |
| v. | ) | |
| | ) | |
| CREDIT ONE FINANCIAL, d/b/a | ) | |
| CREDIT ONE BANK | ) | |
| | ) | |
| Defendant | ) | |

### COMPLAINT

HOPE A. MARTIN (hereinafter referred to as "Plaintiff"), by and through her counsel undersigned, alleges the following against CREDIT ONE FINANCIAL, d/b/a CREDIT ONE (hereinafter "Defendant").

**I.   INTRODUCTION**

1. This civil action is brought by Plaintiff Hope A. Martin against Defendant Credit One Financial, d/b/a Credit One Bank for violation

of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et. seq.* ("**FDCPA**") and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et. seq.*

Plaintiff seeks statutory damages, attorney's fees, and costs pursuant to the FDCPA, and statutory damages, attorney's fees and costs, pursuant to the FCRA.

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is appropriate in the District of Arizona, Phoenix Division, Pursuant to 28 U.S.C. § 1391(b) and (c) since the events giving rise to this claim arose in this District, and because Defendants are subject to personal jurisdiction in this District.

## III.   PARTIES

4. Plaintiff Hope A. Martin is an individual who resides within the District of Arizona.

5. Defendant Credit One Financial, d/b/a Credit One Bank (hereinafter "Credit One")  is a cognizable legal entity formed and existing as a corporation whose primary corporate address is 585 Pilot Road, Las Vegas, Nevada.  89119;

6. Defendant Credit One is a debt collector as defined by the FDCPA § 1692a(6).

7. That Defendant Credit One is liable for its own violations of the FDCPA, and for the violations of its agents under the doctrine of respondeat superior.

### IV.     FACTUAL ALLEGATIONS

8. Defendant reported to Plaintiff's consumer reports a debt 90 days past due on or about May 16, 2014 owed by Plaintiff. (See Exhibit 1 attached hereto and incorporated herein by reference).

9. That Plaintiff did not owe said debt, and on July 14, 2014 counsel undersigned, on behalf of Plaintiff, submitted a dispute to Defendant stating so (see Exhibit 2 attached hereto, and incorporated herein by reference);

10. That on July 29, 2014, Defendant did communicate in writing to Plaintiff, advising that "Further, all debt collection communication will be stopped." (See Exhibit 3 attached hereto, and incorporated herein by reference)

11. That despite this statement, Defendant continued to report an amount due on Plaintiff's consumer report, a collection communication in

violation of 15 U.S.C. 1692e(8)  (see Exhibit 4 attached hereto, and incorporated herein by reference;

12. That in August of 2014 Defendant reported on Plaintiff's consumer report that Plaintiff has two (2) delinquent accounts with Defendant;

13. That Plaintiff has never had two accounts with Defendant;

14. Defendant's recklessly, maliciously and/or intentionally communicated false communication  concerning Plaintiff with reckless disregard for the truth of the matters asserted;

15. Defendant's false statement has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, emotional distress, and mental anguish to Plaintiff  (see Exhibit 5 attached hereto, and incorporated herein by reference;

16.  Defendant has violated the FDCPA;

17. Defendant has violated the FCRA;

18. Defendant's f publishing of false and inaccurate information to Plaintiff's consumer report has severely damaged the personal and consumer reputation of Plaintiff ,and caused severe humiliation, emotional distress, and mental anguish to Plaintiff;

19. Plaintiff has not expressly or impliedly waived her rights to bring this action for violation of the FDCPA.

## VI.     PLAINTIFF'S CLAIM FOR RELIEF

20. Plaintiff incorporates the foregoing paragraphs as if fully pleaded again.

21. Defendant violated the FDCPA by communicating a collection communication to Plaintiff that falsely represents the character, amount, or legal status of a consumer debt;

22. Defendant violated the FDCPA by sending to Plaintiff a collection communication that contained a false representation in the attempt to collect a consumer debt.

23. Defendant violated the FDCPA by sending to Plaintiff a collection communication that utilized a false representation in the attempt to collect a consumer debt.

24. That upon information and belief, Defendant's collection efforts have resulted in additional violations of the FDCPA.

25. The foregoing acts and omissions were undertaken by Defendant intentionally, willfully, and/or in gross or reckless disregard of the rights of Plaintiff, and as part of their persistent and routine practice of debt collection.

26. As a result of Defendant's action, Plaintiff has sustained economic, noneconomic and statutory damages, including, but not limited to, a decreased credit score and emotional distress.

27. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiffs for a declaratory judgment that their conduct violated the FDCPA, actual out-of-pocket damages, statutory damages, and attorney fees and costs in accordance with *§ 1692k.*

## VI.         PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in her favor and against Defendant individually, for:

a. An Order of this Court that Defendant has violated the FDCPA;

b. An Order of this Court that Defendant has violated the FCRA;

c. Actual damages in an amount to be proven at trial, pursuant to *15 U.S.C. § 1692k(a)(1);*

d. Actual damages in an amount to be proven at trial, pursuant to *15. U.S.C. 15 U.S.C. § 1692;*

e. Punitive damages in an amount to be proven at trial, pursuant to *15. U.S.C. § 1692n;*

f. Statutory damages of $1,000, pursuant to *15 U.S.C. § 1692k(a)(2)(A),*

    g. Actual damages in an amount to be proven at trial, pursuant to *15 U.S.C. § 1681(n);*

    **h.** Statutory damages, pursuant to *15 U.S.C. § 1681(o);*

    i. Costs of this litigation, and reasonable attorney's fees at the rate of $ 450 per hour for hours reasonably expended by Plaintiffs' attorney, pursuant to *15 U.S.C. § 1692k(a)(3),* the "private attorney general" doctrine.

    j. Such other relief as the Court may determine to be just and proper.

RESPECTFULLY SUBMITTED this 21st day of November, 2014.


                                                  s /Richard N. Groves
                                                  Richard N. Groves
                                                  Attorney for Plaintiff